# PERSONAL GUARANTY

  This personal guaranty ("Guaranty") is made effective as of September _7_, 2023 by Nathaniel R. Smith ("Guarantor"), in favor of the United States Department of Justice.

## **Introduction**

1. Guarantor acknowledges that I am represented by Brian T. Fahl, Esq. with respect to this Guaranty;

2. Guarantor acknowledges and affirms that he voluntarily enters into this Guaranty without any coercion, promises, or oral or written representations by any other individuals, entities, or government agencies, including, but not limited to, Summit Contracting, Inc., its officials, employees, or assigns, and the United States of America, including the United States Attorney's Office for the Eastern District of Wisconsin;

## **Background Information**

3. Guarantor was among four individual defendants charged in *United States v. Chad M. Schampers, et al.,* Case No. 22-CR-30, United States District Court for the Eastern District of Wisconsin;

4. The fraud charges in that case related to the defendants' alleged operation, direction, supervision, and work at a home remodeling business in the Eastern District of Wisconsin operating under the name Summit Contracting, Inc;

5. The United States has agreed to dismiss the charges against all four defendants in Case No. 22-CR-30, and instead, Summit Contracting, Inc., will plead guilty to an Information that describes events that were among those charged in the indictment in Case No. 22-CR-30 that will be dismissed;

6. The case number for the Information to which Summit Contracting, Inc. will be charged is also Case No. 22-CR-30;

7. Guarantor acknowledges and agrees that Summit Contracting, Inc. is the same entity identified in the indictment for Case No. 22-CR-30 as Summit Contracting, Inc;

8. Guarantor is an owner/operator of Summit Contracting, Inc., and will be among the signatories on behalf of Summit Contracting, Inc. to a plea agreement that Summit Contracting will enter into with the United States in *United States v. Summit Contracting, Inc.*, Case No. 22-CR-30, United States District Court for the Eastern District of Wisconsin;

9. Guarantor is aware that Paragraph 17 of that plea agreement states that Summit Contracting, Inc., agrees to pay restitution in the amount of $89,791.15;

10. Guarantor is aware of the individuals and amounts to whom the $89,791.15 restitution judgment in *United States v. Summit Contracting, Inc.* against Summit Contracting, Inc. is to be paid;

11. As an owner/operator of Summit Contracting, Inc., Guarantor acknowledges that Summit Contracting, Inc., has no objection to the instant Guaranty, which guaranty is also attached to the plea agreement as Attachment A;

12. Guarantor understands that the Court is free to impose a different restitution amount as part of the judgment it will issue against Summit Contracting, Inc. in *United States v. Summit Contracting, Inc.*, Case No 22-CR-20, and Guarantor agrees that the terms of this Guaranty remain applicable if the restitution judgment is in a different amount;

13. It is also Guarantor's understanding that the parties to *United States v. Summit Contracting, Inc.*, Case No. 22-CR-30, will propose that the defendant be sentenced to a two-year term of probation. Guarantor understands that the Court is free to impose a different sentence, and Guarantor agrees that the terms of this Guaranty remain applicable if the judge imposes a different sentence;

**Purpose and Consideration**

14. Guarantor recognizes that the execution and delivery of this Guaranty by Guarantor is a condition of the dismissal reached to resolve the allegations set forth in the indictment that was issued in Case No. 22-CR-30. Guarantor acknowledges and accepts the terms of that settlement and dismissal as adequate and proper consideration for the execution and delivery of this Guaranty;

**Particulars of Guaranty**

15. In the event that Summit Contracting, Inc. fails to make full payment of the restitution judgment issued against it in Case No. 22-CR-30 within two years of the issuance of the date of the judgment, or alternatively, if, at any time prior to the expiration of that two-year period, Summit Contracting, Inc. is sold, becomes insolvent, files for bankruptcy, or otherwise ceases operations or is unable to pay all or part of its restitution judgment in Case No. 22-CR-30, Guarantor will, in his personal or other capacity pay the United States Department of Justice up to $44,000.00 of any unpaid balance of the restitution judgment issued against Summit Contracting, Inc.;

16. Guarantor understands that the United States Department of Justice will coordinate with the Clerk's Office for the United States District Court for the Eastern District of Wisconsin having the Guarantor's payment distributed to the victims whose names, addresses, and amounts owed will be provided by the government to the Clerk's Office;

17. Guarantor will make the payment described in Paragraph 15, above, notwithstanding any other guaranty from another guarantor that also relates to the unpaid balance of the restitution judgment issued against Summit Contracting, Inc. in Case No. 22-CR-30;

**Notice to Guarantor**

18. In the event that the circumstances described in Paragraph 15 occur, that is, that Summit Contracting, Inc. fails to make full payment of the restitution judgment issued against it in Case No. 22-CR-30 within two years of the issuance of the date of the judgment, or, alternatively, if, at any time prior to the expiration of that two-year period, Summit Contracting, Inc. is sold, becomes insolvent, files for bankruptcy, ceases operations, or is otherwise unable to pay all or part of its restitution judgment in Case No. 22-CR-30, Guarantor will, in his personal or other capacity pay the United States Department of Justice up to $44,000.00 of any unpaid balance of the restitution judgment issued against Summit Contracting, Inc., the United States Department of Justice will notify Guarantor of that fact by sending the Guarantor written and email notice of that fact. Guarantor agrees to provide the United States Attorney's Office with his current mailing and email addresses, and to update said United States Attorney's Office with his new address and email information;

**Payment Deadlines**

19.  Guarantor shall have 30-calendar days from the date of that written notice from the United States Attorney's Office for the Eastern District of Wisconsin to make up to the $44,000.00 payment for any unpaid balance of the restitution judgment issued against Summit Contracting, Inc. in *United States v. Summit Contracting, Inc.,* to the Clerk of Court for the United States District Court for the Eastern District of Wisconsin. Failure to make said payment by that time shall constitute a breach of this Guaranty;

**Costs, Expenses, and Fees**

20. If Guarantor fails to make timely payment following the receipt of written notice in accordance with Paragraphs 18 and 19, above, Guarantor agrees to pay all costs, expenses, and fees, including all reasonable attorney's fees, incurred by the United States in enforcing this Guaranty, whether by suit or otherwise;

**Litigation to Enforce this Guaranty**

21. In the event that Guarantor does not within 30-day after notice  make the  $44,000.00 payment described above, the United States Attorney's Office for the Eastern District of Wisconsin may file a civil action in the United States District Court for the Eastern District of Wisconsin to enforce this Guaranty and for the issuance of  a judgment against Guarantor  that  orders Guarantor, pursuant to the terms of this Guaranty,  to pay the United States Department of Justice  up to $44,000.00 of any outstanding balance of Summit Contracting, Inc.'s restitution judgement in Case No. 22-CR-30;

22. As an owner/operator of Summit Contracting, Inc., Guarantor acknowledges that this Guaranty related to the restitution judgment that will be issued against Summit Contracting, Inc., in *United States v. Summit Contracting, Inc.*, Case No. 22-CR-30, and that the Court retains jurisdiction under that criminal case to enforce this Guaranty;

23. No matter where Guarantor may reside at that time, Guarantor hereby consents to venue for that civil action in the United States District Court for the Eastern District of Wisconsin, and for to the application of applicable federal and State of Wisconsin law;

24. Guarantor agrees to not to oppose and to consent to the issuance of such a judgment against Guarantor, and understands that the United States will be authorized to collect upon the judgment, including but not limited to filing liens against Guarantor's property, garnishment of Guarantor's wages, etc.

### Guaranty is Independent and Absolute

25. The obligations of Guarantor hereunder are independent of the obligations of Summit Contracting, Inc. under the judgment that will be issued against it in *United States v. Summit Contracting, Inc.,* Case No. 22-CR-30. Guarantor expressly agrees that a separate civil action or actions may be brought and prosecuted against Guarantor to enforce the terms of this Guaranty;

26. Guarantor further agrees that the United States shall have no obligation to proceed against any security or assets of Summit Contracting, Inc., or its successors and assigns, prior to enforcing this Guaranty against the Guarantor. Guarantor further agrees that the United States may pursue or omit to pursue any and all rights and remedies it has against any other person, including by any other guaranty entered into by a different guarantor that relates to payment toward the outstanding balance of the restitution judgment that will be issued against Summit Contracting, Inc., in *United States v. Summit Contracting, Inc.;*

27. Guarantor further agrees that all rights of the United States and all obligations of Guarantor hereunder shall be absolute, irrevocable, and unconditional irrespective of any claim by Guarantor regarding the United States' ability to collect upon the restitution judgment that will be issued against Summit Contracting, Inc. in *United States v. Summit Contracting, Inc.*, Case No. 22-CR-30;

28. **Guaranty Is Continuing Consistent With 18 U.S.C. § 3613**

    Guarantor's liability under this Guaranty is a guaranty of payment to the United States Department of Justice for any unpaid balance of the restitution judgment issued against Summit Contracting, Inc. in *United States v. Summit Contracting, Inc.*, and Guarantor's liability hereunder shall end on the date of the expiration of the United States' period to enforce that judgment pursuant to 18 U.S.C. § 3613;

29. **Non-Assignability**

4

Case 1:23-cr-00164-WCG   Filed 09/07/23   Page 4 of 10   Document 2-1

No benefit under this Guaranty shall be subject in any manner to assignment, anticipation, alienation, sale, transfer, pledge or encumbrance, and any attempt to do so shall be void and unenforceable;

### No Waiver

30. Consistent with 18 U.S.C. § 3613, no delay on the part of the United States in exercising any rights hereunder or failure to exercise the same shall operate as a waiver of such rights.

### Severability

31. If any portion or term of this Guaranty is held invalid or unenforceable, the remaining terms shall not be affected and shall remain in full force and effect;

### Guaranty is Unaffected By Business Status of Summit Contracting, LLC

32. Guarantor's liability under this Guaranty is unaffected by the business status of Summit Contracting, Inc., including but not limited to the sale, bankruptcy, insolvency, demise of Summit Contracting, Inc.;

### Entire Agreement

This Guaranty along with the plea agreement Summit Contracting, Inc. enters into in *United States v. Summit Contracting, Inc.*, Case No. 22-CR-30, as well as the judgment that will be issued against Summit Contracting, Inc. in that criminal case, are the primary bases for the agreements set forth in this Guaranty with respect to the matters set forth herein, and this Guaranty supersedes any prior or oral or written agreements.

Dated this 7 day of September 2023.

_____
Nathaniel R. Smith

State of Wisconsin
Brown County BROWN
Subscribed and sworn before me on: September 7th 2023

_____
Notary Public Signature

NORINA DA SILVA
Notary Public
State of Wisconsin

5

# PERSONAL GUARANTY

This personal guaranty ("Guaranty") is made effective as of September __7_, 2023 by Chad M. Schampers ("Guarantor"), in favor of the United States Department of Justice.

**Introduction**

1. Guarantor acknowledges that I am represented by Mark Maciolek, Esq. with respect to this Guaranty;

2. Guarantor acknowledges and affirms that he voluntarily enters into this Guaranty without any coercion, promises, or oral or written representations by any other individuals, entities, or government agencies, including, but not limited to, Summit Contracting, Inc., its officials, employees, or assigns, and the United States of America, including the United States Attorney's Office for the Eastern District of Wisconsin;

**Background Information**

3. Guarantor was among four individual defendants charged in *United States v. Chad M. Schampers, et al.,* Case No. 22-CR-30, United States District Court for the Eastern District of Wisconsin;

4. The fraud charges in that case related to the defendants' alleged operation, direction, supervision, and work at a home remodeling business in the Eastern District of Wisconsin operating under the name Summit Contracting, Inc;

5. The United States has agreed to dismiss the charges against all four defendants in Case No. 22-CR-30, and instead, Summit Contracting, Inc., will plead guilty to an Information that describes events that were among those charged in the indictment in Case No. 22-CR-30 that will be dismissed;

6. The case number for the Information to which Summit Contracting, Inc. will be charged is also Case No. 22-CR-30;

7. Guarantor acknowledges and agrees that Summit Contracting, Inc. is the same entity identified in the indictment for Case No. 22-CR-30 as Summit Contracting, Inc;

8. Guarantor is an owner/operator of Summit Contracting, Inc., and will be among the signatories on behalf of Summit Contracting, Inc. to a plea agreement that Summit Contracting will enter into with the United States in *United States v. Summit Contracting, Inc.*, Case No. 22-CR-30, United States District Court for the Eastern District of Wisconsin;

9. Guarantor is aware that Paragraph 17 of that plea agreement states that Summit Contracting, Inc., agrees to pay restitution in the amount of $89,791.15;

1

10. Guarantor is aware of the individuals and amounts to whom the $89,791.15 restitution judgment in *United States v. Summit Contracting, Inc.* against Summit Contracting, Inc. is to be paid;

11. As an owner/operator of Summit Contracting, Inc., Guarantor acknowledges that Summit Contracting, Inc., has no objection to the instant Guaranty, which guaranty is also attached to the plea agreement as Attachment A;

12. Guarantor understands that the Court is free to impose a different restitution amount as part of the judgment it will issue against Summit Contracting, Inc. in *United States v. Summit Contracting, Inc.*, Case No 22-CR-20, and Guarantor agrees that the terms of this Guaranty remain applicable if the restitution judgment is in a different amount;

13. It is also Guarantor's understanding that the parties to *United States v. Summit Contracting, Inc.*, Case No. 22-CR-30, will propose that the defendant be sentenced to a two-year term of probation. Guarantor understands that the Court is free to impose a different sentence, and Guarantor agrees that the terms of this Guaranty remain applicable if the judge imposes a different sentence;

**Purpose and Consideration**

14. Guarantor recognizes that the execution and delivery of this Guaranty by Guarantor is a condition of the dismissal reached to resolve the allegations set forth in the indictment that was issued in Case No. 22-CR-30. Guarantor acknowledges and accepts the terms of that settlement and dismissal as adequate and proper consideration for the execution and delivery of this Guaranty;

**Particulars of Guaranty**

15. In the event that Summit Contracting, Inc. fails to make full payment of the restitution judgment issued against it in Case No. 22-CR-30 within two years of the issuance of the date of the judgment, or alternatively, if, at any time prior to the expiration of that two-year period, Summit Contracting, Inc. is sold, becomes insolvent, files for bankruptcy, or otherwise ceases operations or is unable to pay all or part of its restitution judgment in Case No. 22-CR-30, Guarantor will, in his personal or other capacity pay the United States Department of Justice up to $44,000.00 of any unpaid balance of the restitution judgment issued against Summit Contracting, Inc.;

16. Guarantor understands that the United States Department of Justice will coordinate with the Clerk's Office for the United States District Court for the Eastern District of Wisconsin having the Guarantor's payment distributed to the victims whose names, addresses, and amounts owed will be provided by the government to the Clerk's Office;

17. Guarantor will make the payment described in Paragraph 15, above, notwithstanding any other guaranty from another guarantor that also relates to the unpaid balance of the restitution judgment issued against Summit Contracting, Inc. in Case No. 22-CR-30;

**Notice to Guarantor**

18. In the event that the circumstances described in Paragraph 15 occur, that is, that Summit Contracting, Inc. fails to make full payment of the restitution judgment issued against it in Case No. 22-CR-30 within two years of the issuance of the date of the judgment, or, alternatively, if, at any time prior to the expiration of that two-year period, Summit Contracting, Inc. is sold, becomes insolvent, files for bankruptcy, ceases operations, or is otherwise unable to pay all or part of its restitution judgment in Case No. 22-CR-30, Guarantor will, in his personal or other capacity pay the United States Department of Justice up to $44,000.00 of any unpaid balance of the restitution judgment issued against Summit Contracting, Inc., the United States Department of Justice will notify Guarantor of that fact by sending the Guarantor written and email notice of that fact. Guarantor agrees to provide the United States Attorney's Office with his current mailing and email addresses, and to update said United States Attorney's Office with his new address and email information;

**Payment Deadlines**

19. Guarantor shall have 30-calendar days from the date of that written notice from the United States Attorney's Office for the Eastern District of Wisconsin to make up to the $44,000.00 payment for any unpaid balance of the restitution judgment issued against Summit Contracting, Inc. in *United States v. Summit Contracting, Inc.,* to the Clerk of Court for the United States District Court for the Eastern District of Wisconsin. Failure to make said payment by that time shall constitute a breach of this Guaranty;

**Costs, Expenses, and Fees**

20. If Guarantor fails to make timely payment following the receipt of written notice in accordance with Paragraphs 18 and 19, above, Guarantor agrees to pay all costs, expenses, and fees, including all reasonable attorney's fees, incurred by the United States in enforcing this Guaranty, whether by suit or otherwise;

**Litigation to Enforce this Guaranty**

21. In the event that Guarantor does not within 30-day after notice make the $44,000.00 payment described above, the United States Attorney's Office for the Eastern District of Wisconsin may file a civil action in the United States District Court for the Eastern District of Wisconsin to enforce this Guaranty and for the issuance of a judgment against Guarantor that orders Guarantor, pursuant to the terms of this Guaranty, to pay the United States Department of Justice up to $44,000.00 of any outstanding balance of Summit Contracting, Inc.'s restitution judgement in Case No. 22-CR-30;

22. As an owner/operator of Summit Contracting, Inc., Guarantor acknowledges that this Guaranty related to the restitution judgment that will be issued against Summit Contracting, Inc., in *United States v. Summit Contracting, Inc.*, Case No. 22-CR-30, and that the Court retains jurisdiction under that criminal case to enforce this Guaranty;

23. No matter where Guarantor may reside at that time, Guarantor hereby consents to venue for that civil action in the United States District Court for the Eastern District of Wisconsin, and for to the application of applicable federal and State of Wisconsin law;

24. Guarantor agrees to not to oppose and to consent to the issuance of such a judgment against Guarantor, and understands that the United States will be authorized to collect upon the judgment, including but not limited to filing liens against Guarantor's property, garnishment of Guarantor's wages, etc.

### **Guaranty is Independent and Absolute**

25. The obligations of Guarantor hereunder are independent of the obligations of Summit Contracting, Inc. under the judgment that will be issued against it in *United States v. Summit Contracting, Inc.,* Case No. 22-CR-30. Guarantor expressly agrees that a separate civil action or actions may be brought and prosecuted against Guarantor to enforce the terms of this Guaranty;

26. Guarantor further agrees that the United States shall have no obligation to proceed against any security or assets of Summit Contracting, Inc., or its successors and assigns, prior to enforcing this Guaranty against the Guarantor. Guarantor further agrees that the United States may pursue or omit to pursue any and all rights and remedies it has against any other person, including by any other guaranty entered into by a different guarantor that relates to payment toward the outstanding balance of the restitution judgment that will be issued against Summit Contracting, Inc., in *United States v. Summit Contracting, Inc.;*

27. Guarantor further agrees that all rights of the United States and all obligations of Guarantor hereunder shall be absolute, irrevocable, and unconditional irrespective of any claim by Guarantor regarding the United States' ability to collect upon the restitution judgment that will be issued against Summit Contracting, Inc. in *United States v. Summit Contracting, Inc.*, Case No. 22-CR-30;

28. **Guaranty Is Continuing Consistent With 18 U.S.C. § 3613**

    Guarantor's liability under this Guaranty is a guaranty of payment to the United States Department of Justice for any unpaid balance of the restitution judgment issued against Summit Contracting, Inc. in *United States v. Summit Contracting, Inc.*, and Guarantor's liability hereunder shall end on the date of the expiration of the United States' period to enforce that judgment pursuant to 18 U.S.C. § 3613;

29. **Non-Assignability**

liability hereunder shall end on the date of the expiration of the United States' period to enforce that judgment pursuant to 18 U.S.C. § 3613;

29. **Non-Assignability**

No benefit under this Guaranty shall be subject in any manner to assignment, anticipation, alienation, sale, transfer, pledge or encumbrance, and any attempt to do so shall be void and unenforceable;

**No Waiver**

30. Consistent with 18 U.S.C. § 3613, no delay on the part of the United States in exercising any rights hereunder or failure to exercise the same shall operate as a waiver of such rights.

**Severability**

31. If any portion or term of this Guaranty is held invalid or unenforceable, the remaining terms shall not be affected and shall remain in full force and effect;

**Guaranty is Unaffected By Business Status of Summit Contracting, LLC**

32. Guarantor's liability under this Guaranty is unaffected by the business status of Summit Contracting, Inc., including but not limited to the sale, bankruptcy, insolvency, demise of Summit Contracting, Inc.;

**Entire Agreement**

This Guaranty along with the plea agreement Summit Contracting, Inc. enters into in *United States v. Summit Contracting, Inc.*, Case No. 22-CR-30, as well as the judgment that will be issued against Summit Contracting, Inc. in that criminal case, are the primary bases for the agreements set forth in this Guaranty with respect to the matters set forth herein, and this Guaranty supersedes any prior or oral or written agreements.

Dated this 7th day of September 2023.

_____
Chad M. Schampers

State of Wisconsin
Brown County Brown
Subscribed and sworn before me on: September 7th 2023

5

_____
Notary Public Name Printed Norina Da Silva
My Commission Expires: 01-11-2024

NORINA DA SILVA
Notary Public
State of Wisconsin